1

2

3

4

5

6                                    **UNITED STATES DISTRICT COURT**

7                                         **DISTRICT OF NEVADA**

8

   JERRY HOOKS,                          )
9                                        )
                   Petitioner,           )        3:11-cv-00835-ECR-WGC
10                                       )
   vs.                                   )        **ORDER**
11                                       )
                                         )
12 TODD DIXION, *et al.*,                )
                                         )
13                 Respondents.          )
   _____/

14

15          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which

16 petitioner, a state prisoner, is proceeding *pro se* (ECF #7, statement of additional claims #9).  Before the

17 court is respondents' motion to dismiss (ECF #12).  Petitioner filed an ambiguous document that he

18 styled "declaration for withdrawal motion" and in that "motion" he argued the merits of his petition

19 (ECF #14).  Accordingly, respondents construed that document as an opposition to the motion to dismiss

20 and filed their reply (ECF #17).  Petitioner filed a "response" to the reply (ECF #18).

21 **I.  Procedural History and Background**

22          Petitioner is serving three concurrent terms of 10-25 years as a habitual criminal (exhibits

23 to motion to dismiss, ECF #12, ex. 6).[1]  On September 20, 2010, petitioner was found guilty at a prison

24

25

26          [1]All exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF #12
   and can be found as attachments to ECF #12.

1  disciplinary hearing of possession of contraband and sentenced to 60 days disciplinary segregation (ex.

2  #s 1, 2, and 4 at 1).

3       Petitioner dispatched this federal petition for a writ of habeas corpus on November 15,

4  2011 (ECF #7).  Respondents argue that the petition should be dismissed for failure to state a cognizable

5  claim for federal habeas corpus relief.

6  **II.  Discussion**

7       **A.  Legal Standard**

8       28 U.S.C. § 2254(a) provides that "a district court shall entertain an application for a writ

9  of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the

10 ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

11 Thus, habeas corpus is the appropriate remedy only when a petitioner is challenging the fact or length

12 of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 487-89 (1973).  "[H]abeas jurisdiction is

13 absent, and a § 1983 action proper, where a successful challenge to a prison condition will not

14 necessarily shorten the prisoner's sentence."  *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

15 Thus, a challenge to placement in segregated housing that precludes the earning of credits "fails to raise

16 a federally cognizable claim for which habeas relief may be granted."  *Burton v. Adams*, 415 F. App'x

17 816, 817 (2011) (unpublished).

18      **B.  Petition in the Instant Case**

19      Petitioner's claims challenge a 2010 prison disciplinary hearing at which he was found

20 guilty of possession of contraband (ECF #s 7, 9).  Petitioner was sanctioned with 60 days disciplinary

21 segregation (ex. #s 1, 2, 4).  While petitioner was referred for a loss of statutory good time credits,

22 ultimately he did not forfeit any credits as a result of this disciplinary proceeding (ex. #s 1, 2, and 5 at

23 12-13).  Respondents argue that because petitioner did not lose any good time credits he fails to state

24 a claim cognizable in federal habeas corpus.  Accordingly, respondents contend that the petition must

25 be dismissed.  Petitioner does not address respondents' arguments; in the document he filed that

26

1  respondents construed as an opposition to the motion to dismiss, he focuses on the merits of his

2  challenge to the disciplinary proceedings.

3         While petitioner may have a claim pursuant to 42 U.S.C. § 1983, respondents are correct

4  that a challenge to placement in segregated housing that precludes the earning of credits–but that does

5  not involve the forfeiture of any previously earned good-time credits–fails to raise a federally cognizable

6  claim for which habeas relief may be granted. *Preiser*, 411 U.S. at 487-89; *Ramirez*, 334 F.3d at 859;

7  *Burton*, 415 F. App'x at 817. Accordingly, this court must grant respondents' motion to dismiss the

8  petition.

9  **III. Certificate of Appealability**

10         In order to proceed with an appeal, petitioner must receive a certificate of appealability.

11  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51

12  (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a

13  petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

14  certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

15  (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's

16  assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In

17  order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are

18  debatable among jurists of reason; that a court could resolve the issues differently; or that the questions

19  are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues

20  raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of

21  appealability, and determines that none meet that standard. The court will therefore deny petitioner a

22  certificate of appealability.

23

24

25

26

3

**IV.  Conclusion**

      **IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition for a writ of habeas corpus (ECF #12) is **GRANTED**.

      **IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

      **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

      **IT IS FURTHER ORDERED** that petitioner's "motion for withdraw judgment and declaration" (ECF #14) and motion for complete copy of petitioner's documents submitted and not returned (ECF #19) are both **DENIED**.

      Dated this 8th day of May 2012.

                         Edward C. Reed.
                     UNITED STATES DISTRICT JUDGE